## UNITED STATES v. MARINO.

District Court, S. D. New York.

April 3, 1939.

John T. Cahill, U. S. Atty., of New York City (Myles J. Lane, Asst. U. S. Atty., of New York City, of counsel), for petitioner.

Herman J. Rubenstein, of New York City, for respondent.

BYERS, District Judge.

This proceeding has for its object the cancellation of defendant's naturalization granted on or about January 23, 1933.

The following facts are found:

The defendant entered this country for the first time April 14, 1920, on the S. S. Patria. His certificate of admission was based in part upon an Italian passport bearing the visa of a United States Consul at Naples, issued upon the defendant's representation that he was returning to the United States where he had resided from 1913 to 1915.

That statement was untrue and known to be so by the defendant when he made it.

His object was to secure the advantage of admission to this country as a beneficiary of the Joint Resolution of October 19, 1918, Title 8 U.S.C. § 230, 8 U.S.C.A. § 230, having to do with aliens residing in this country prior to the World War, who saw service overseas in the military forces of nations co-belligerent with the United States; any such who could not have secured admission under the Act of February 5, 1917, Title 8 U.S.C. § 136, 8 U.S.C.A. § 136, being illiterate (Subd. *o*), was ap-

parently thereby comprehended, in recognition of military service so rendered.

This defendant was in 1920 and is now illiterate within the definition of the said statute.

It is difficult to understand by what process his naturalization in 1933 was accomplished, but the fact that it was indicates the necessity for giving careful consideration to this application.

The Government's case is comprehended entirely within the foregoing facts and rests in the assertion that, in the declaration of intention and in the petition for naturalization, it is falsely stated as follows: " * * * My lawful entry for permanent residence in the United States was at New York, N. Y., under the name of Giuseppe Marino, on April 14, 1920, on the vessel Patria", in that the petitioner then knew that his said entry was not lawful, but was based upon the false statements that underlay his procurement of the visa from the consul in Naples.

The proof is clearly with the Government.

■ For the defendant it is argued that the Government is estopped because the naturalization proceeding required for its presentation a certificate of lawful entry, which was issued in 1929.

It is said that the 1920 entry should then have been challenged and, if found to be defective for the reasons stated, relief could have been afforded to the defendant under the provisions of Title 8 U.S.C. § 106a, 8 U.S.C.A. § 106a, having to do with the registry of aliens entering prior to June 3, 1921, "in whose case there is no record of admission for permanent residence". Manifestly that had nothing to do with an alien as to whom there was a record of admission which was the result of a misrepresentation in limine. Incidentally such a record was inconsistent with an affirmative showing of good character required of an applicant under that section.

■ Moreover there seems to be no estoppel against the United States in such matters. See Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066; United States v. Ness, 245 U.S. 319, 38 S. Ct. 118, 62 L.Ed. 321.

■ Finally, it is urged that this defendant will become liable to deportation in the event of a decision adverse to him and that, because of the passage of years, the matter should not be in court anyway.

Mere lapse of time cannot render the false true, nor deter the Government from enforcing the law as Congress has ordained it.

The prayer of the petition must be granted. Settle decree.